IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL<br>    DONNELL CLEAVE, B58378<br>        Petitioner<br><br>v.<br><br>GENE JUNGWIRTH[1],<br>    Respondent. | No. 05 C 4695<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Donell Cleave petitions this Court under 28 U.S.C. § 2254, arguing that his 2002 Illinois convictions for possession of a controlled substance and possession with intent to deliver a controlled substance are unconstitutional. Cleave argues that the State did not prove his guilt beyond a reasonable doubt, that the state trial court denied him a right to present a defense, that the police exceeded the scope of the warrant when conducting their search; the same arguments he raised in his direct appeal. For the reasons stated herein, Cleave's petition is DENIED.

To raise a cognizable claim, a § 2254 petition must claim a violation of a right under federal law or the Constitution. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed. 385 (1991). Although Cleave's third claim implicates the Fourth Amendment, in that he argues the state courts erred in applying the exclusionary rule, the Supreme Court has held that the exclusionary rule does not provide a basis for collateral relief. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S. Ct. 3037, 3051-53, 49 L.Ed. 2d 1067 (1976); *see also Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005). Though a

---

[1] Gene Jungwirth is currently the Warden at the East Moline Correctional Center, where Cleave is housed, and is thus the proper respondent in this *habeas* action. *See* Rule 2(a) of the Rules Governing *Habeas Corpus* Cases under 28 U.S.C. § 2254. This court hereby substitutes Jungwirth as the respondent. *See* Fed. R. Civ. P. 25(d)(1).

1

seizure may violate the Fourth Amendment, the exclusionary rule is not an individual right of a defendant but a social device for deterring official misconduct. *Hampton v. Wyant*, 296 F.3d 560, 562-63 (7th Cir. 2002). Thus, so long as Cleave had a full and fair opportunity to litigate his Fourth Amendment claim, which he did (see St. Ex. D at 7-8), his claim that his imprisonment because of unlawfully seized evidence is not one that implicates the Constitution. *Id.* at 562. Cleave's claim that the police violated the terms of the search warrant by searching places not described in the warrant is not cognizable.

Cleave has procedurally defaulted another claim. Procedural default normally precludes federal courts from reaching the merits of a *habeas* claim either when a petitioner presents a claim to a state court that the state court resolves against the petitioner based upon independent and adequate state-law procedural grounds or when a petition fails to present his claim to a state court of last resort. *Coleman v. Thompson*, 501 U.S. 722, 735 & n.1, 111 S.Ct. 2546, 2557 & n.1, 115 L.Ed.2d 640 (1991); *Harris v. Reed*, 489 U.S. 255, 263 & n.9, 109 S.Ct. 1038, 1043 & n.9, 103 L.Ed.2d 308 (1989); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Cleave argues that the state court denied him the right to present a defense when it included an instruction to the jury allowing jurors to consider evidence of Cleave's other crimes for the limited purpose of determining his intent and knowledge. During trial, Cleave's trial counsel raised an objection to this instruction, but failed to renew that objection in his motion for a new trial. *See* St. Ex. D at 6. Illinois law requires defendants to raise objections both at trial and in an post-trial motion in order to preserve errors for review. *People v. Herron*, 215 Ill. 2d 167, 175, 830 N.E.2d 467, 472 (Ill. 2005). The Illinois Appellate Court found that Cleave had waived this argument by failing to raise it in a post-trial motion. *See* St. Ex. D at 6. Consequently, Cleave has procedurally defaulted this claim.[2]

---

[2] Cleave presents no argument that failure to excuse his procedural default will result in a fundamental miscarriage of justice, nor does he point to any external cause that precluded his

Cleave's final claim, that the state failed to prove his guilt beyond a reasonable doubt, lacks merit. Under the Antiterrorism and Effective Death Penalty Act of 1996, a court may not grant a writ of *habeas corpus* unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state court's decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" by the Supreme Court. *Id.* at 405-06. A state court's decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal rule form the [Supreme] Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407. In order for a state court decision to be considered unreasonable under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

Cleave argues that the state failed to prove his guilt beyond a reasonable doubt because it offered insufficient evidence to demonstrate that he exercised control over the premises where the drugs were found. When determining whether the state has met its burden of proof, the relevant question for a court is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Under Illinois law, a state may prove that a defendant exercised control over the premises by demonstrating that the defendant lived there. *People v. Nettles*, 23 Ill. 2d 306, 308-09, 178 N.E.2d 361 (1961); *People v. Gorosteata*, 374 Ill. App. 3d 203, 217, 870 N.E.2d 936, 948-49 (Ill. App. Ct. 2007).

---

ability to pursue his claim in the state court.

In reviewing the state jury's verdict, the Illinois appellate court relied on cases citing *Jackson*. The Illinois appellate court further mentioned several facts demonstrating Cleave's ties to the premises: 1) bank statements and bills in his name at the address; 2) men's clothing in the bedroom of the apartment; 3) testimony from another tenant that Cleave lived at the apartment.

Cleave argues that the Illinois court unreasonably applied the principle set fort h in *Jackson* because it did not require testimony from the woman in whose name the apartment was leased. Cleave, however, points to no Supreme Court decision that even remotely suggests that the government must introduce evidence from a co-tenant or owner in order to establish that a defendant resided at a premises. In fact to the contrary, the Supreme Court has hinted that the prosecution can establish constructive possession using circumstantial evidence, like that relied upon by the Illinois court. *See Steagold v. United States*, 451 U.S. 204, 209 n.4, 101 S.Ct. 1642, 1646 n.4, 68 L.Ed.2d 38 (1981) (discussing in dicta the notion that the government may prove residence using circumstantial evidence for purposes of establishing constructive possession); *see also United States v. Brown*, 328 F.3d 352, 355 (7th Cir. 2003), *cert denied*, 540 U.S. 1113, 124 S.Ct. 1044, 157 L.Ed.2d 902 (2004). A rational trier of fact could therefore conclude that Cleave resided in the home based on the facts that his name appeared on bills received at the address where the police found the drugs and that another tenant in the building testified that he resided there.

Accordingly, the Court DENIES Cleave's petition for a writ of *habeas corpus*.

IT IS SO ORDERED.

10/22/07
Dated

Hon. William J. Hibbler
United States District Court

4